THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles, CA  93446
Telephone: (805) 369-2053
Facsimile: (805) 715-7824
Email: tharris@tharrislawoffice.com

Attorney for Plaintiff, CHRISTIE DIOSOMITO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIE DIOSOMITO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL CREDIT & COLLECTION CORPORATION,<br><br>    Defendant. | CASE NO:<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR A JURY TRIAL |

Plaintiff CHRISTIE DIOSOMITO ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant GLOBAL CREDIT & COLLECTION CORPORATION (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION**

1.     Plaintiff brings this action on her own behalf for damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act (hereinafter "FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et seq. (hereinafter

"RFDCPA" which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. §1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that: The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

## PARTIES

4. Plaintiff CHRISTIE DIOSOMITO (hereinafter "Plaintiff"), is a natural person residing in San Benito County, State of California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §1692a(3) and a "debtor" within the meaning of

Cal. Civil Code §1788.2(h).

5. Defendant GLOBAL CREDIT & COLLECTION CORPORATION (hereinafter "GLOBAL CREDIT"), is a foreign corporation engaged in the business of debt collection with an office at 300 International Drive, Postal Mailbox 10015, Suite 100, Williamsville, New York, 14221. The principal purpose of GLOBAL CREDIT is the collection of debts using the mails and telephone, and GLOBAL CREDIT regularly attempts to collect debts alleged to be due another. GLOBAL CREDIT is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and Cal. Civil Code §1788.2(c).

## JURISDICTION

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. §1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a financial obligation, namely a consumer credit account. The debt was incurred primarily for personal, family or household purposes as is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §1788.2(f).

10. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on date unknown to Plaintiff, the debt was consigned, placed or otherwise

transferred to Defendants for collection from Plaintiff. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on December 15, 2015 by placing a telephone call to number (408) 475-5712 and leaving a voice message.

12. The speaker of Defendant's message identified himself as Defendant "MANEER" but spoke too rapidly for his last name to be intelligible, and who, upon information and belief, was trained, instructed and/or sanctioned to deliver his message in a rushed pace, running words and sentences together, stating he was calling about a matter of Plaintiff's in his office, requesting a return call to (877) 234-1838, extension 8599.

13. On December 16, 2015, Defendant "MANEER" placed a second call to Plaintiff which messages was delivered in the same rushed manner and stated the same information.

14. Caller identification confirmed that Defendants' calls originated from telephone number (401) 490-6285 which number reaches the offices of Defendant GLOBAL CREDIT & COLLECTION CORPORATION.

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

15. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

16. Pursuant to 15 USC §1692d(6), a debt collector may not place telephone calls without meaningful disclosure of the caller's identity.

17. In the telephone messages left for Plaintiff by Defendant on December 15 and 16, 2015, Defendant "MANEER S." was instructed, trained and/or sanctioned to leave voice messages for consumers in which he deliberately omits the identity of

Defendant's business, in violation of 15 USC §1692d(6).

18. 15 USC §1692e – preface and e(10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

19. Defendants violate 15 USC §1692e – preface and e(10) by maintaining a deceptive policy of training and instructing employees, either to increase the number of calls that may be made in the time allotted, and/or to deceive consumers, to contact consumers and leave deliberately brief, vague, enigmatic messages about "a matter of yours in my office," with no further information, failing to provide facts about the caller or purpose of the call, which calls are collection calls designed solely to expedite Defendant's debt collection activities. Defendant's messages are designed to deceive and provoke consumers with the intention of compelling a return call.

20. 15 USC §1692e(11) requires that a debt collector provide the information that they are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose in every communication made with a consumer.

21. The Defendants violated 15 USC §1692e (11) by failing to properly provide the required disclosures clearly identifying their business name, their purpose for calling and the purpose for which all information obtained will be used in the messages Defendant leaves for consumers exemplified by voice message for Plaintiff left on December 15 and 16, 2015.

22. 15 USC §1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

23. The Defendant violated 15 USC §1692f – preface, as exemplified by Defendant's calls to Plaintiff on December 15 and 16, 2015, by implementing a policy which deliberately and unfairly fails to provide information about the caller or purpose of the call but is designed to provoke call recipients and compel return calls for the purpose of debt collection.

## SECOND CAUSE OF ACTION

### *(Violations of the RFDCPA)*

24. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

25. Plaintiff brings the second claim for relief against Defendant, GLOBAL CREDIT, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

26. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(h).

27. Defendant, GLOBAL CREDIT, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(c).

28. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(f).

29. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. Disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer, pursuant to Cal. Civil Code §1788.12(b).

30. GLOBAL CREDIT's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil §1788.30(b).

31. As a result of GLOBAL CREDIT's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §1788.30(a).

32. As a result of GLOBAL CREDIT's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one Hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00), pursuant to Cal. Civil Code §1788.30(b).

33. As a result of GLOBAL CREDIT's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000.00 pursuant to Cal. Civil Code §1788.17.

34. As a result of GLOBAL CREDIT's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.

35. Pursuant to Cal. Civil Code §1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## DEMAND FOR TRIAL BY JURY

36. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(1);

c. Declare that GLOBAL CREDIT violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.17 and 1788.30;

d. Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. §692k(a)(1) and Cal. Civil Code §1788.30(a);

e. Award Plaintiff statutory damages in an amount not exceeding $1,000.00, pursuant to 15 U.S.C. §1692d(a)(2)(A);

f. Award Plaintiff a statutory penalty in an amount not less than $100.00 or greater than $1,000.00, pursuant to Cal. Civil Code §1788.30(b);

g.    Award Plaintiff statutory damages in an amount not exceeding $1,000.00, pursuant to Cal. Civil Code §1788.17;

h.    Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

i.    Award Plaintiff such other and further relief as may be just and proper.

Dated: April 27, 2016

Respectfully submitted,

/s/ Therese S. Harris
THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles, CA  93446
Telephone: (805) 369-2053
Facsimile: (805) 715-7824
Email: tharris@tharrislawoffice.com
Attorney for the Plaintiff Christie Diosomito

1  To:   GLOBAL CREDIT & COLLECTION CORPORATION
2        300 International Drive,
         Postal Mailbox, 10015, Suite 100
3        Williamsville, NY  14221
4
          *(Via Prescribed Service)*
5
6        Clerk of the Court
         Northern District of California
7        Robert F. Peckham Federal Building & United States Courthouse
8        280 South 1st Street, Room 2112
         San Jose, CA 95113
9        (408) 535-5363
10
11       *(Via electronic filing)*